# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **BRIANA MACK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **v.** ) | **Civil Action No.:** _____ |
| ) | |
| **DIVERSICARE LEASING CORP. and** ) | |
| **DIVERSICARE HEALTHCARE** ) | |
| **SERVICES, INC.** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW, Plaintiff, Briana Mack, and files this Complaint against Diversicare Leasing Corp. and Diversicare Healthcare Services, Inc. and, in support thereof, shows as follows:

### INTRODUCTION

1. Diversicare Leasing Corp. (hereinafter "DLC") and Diversicare Healthcare Services, Inc. (hereinafter "DHS") employ hourly employees within the Northern District of Alabama.  Plaintiff worked many hours over 40 hours a week from March 2017 until October 2017 on at one of Defendants' facilities, Brookshire Healthcare Center, for which she was not paid any compensation (including overtime compensation) in accordance with her normal pay rate in violation of the Fair Labor Standards Act ("FLSA").

## PARTIES

2. Plaintiff Briana Mack is above the age of nineteen (19) and was, at all times relevant hereto, a resident of Madison County, Alabama, and a citizen of the United States of America. As per the allegations *infra*, she has standing to prosecute this action.

3. Diversicare Leasing Corp. is an employer engaged in commerce pursuant to the FLSA and 29 U.S.C. § 203(s)(1)(A)(i) and (ii), and, at all times material hereto, engaged in business within the meaning of the FLSA.

4. Diversicare Healthcare Services, Inc. is an employer engaged in commerce pursuant to the FLSA and 29 U.S.C. § 203(s)(1)(A)(i) and (ii), and, at all times material hereto, engaged in business within the meaning of the FLSA.

## JURISDICTION AND VENUE

5. This action arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 (1988), including 29 U.S.C. § 216(b) ("FLSA").

6. Defendants are employers engaged in commerce pursuant to the FLSA and 29 U.S.C. § 203(s)(1)(A)(i) and (ii), and, at all times material hereto, engaged in business within the meaning of the FLSA.

7. Defendants employed the Plaintiff within the meaning of the FLSA, is engaged in interstate commerce, and has an annual gross volume of sales meeting or exceeding the jurisdictional requirements of the FLSA.

8. Defendants directly and by and through its duly-authorized agents, participated in payroll decisions involving the Plaintiff and intentionally, knowingly, and willfully failed to compensate the Plaintiff in accordance with the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

9. This Court maintains subject matter jurisdiction under 29 U.S.C. § 216(b), and 28 U.S.C. § 1337.

10. Venue is proper in this Court as the unlawful employment practices alleged herein have been committed within the Northern District of Alabama.

**FACTUAL AVERMENTS**

11. Defendants own and operate healthcare facilities providing services from short term rehabilitation to longer term care.

12. Defendants employ medical professionals, and other staff members to conduct its operations.

13. Defendants and Plaintiff regularly engage in interstate commerce.

14. Ms. Mack started her employment with Defendants working at their Brookshire Healthcare Center facility in February 2013 as a Certified Nursing Assistant ("CNA"). As a CNA, she worked primarily with patients, assisting with their daily needs.

15. In or around March of 2017, Ms. Mack became a Workforce

Management Coordinator. This job required her to still assist with patients' needs, but also to do administrative work of scheduling CNAs. Ms. Mack was not their supervisor. This job required her to make and receive phone calls and texts when she was away from the facility.

16. Ms. Mack was working 40 hours a week at Brookshire as well as approximately one and half hours a day, almost every day, when she was away from the facility handling phone calls and texts from CNAs to make sure all shifts were covered.

17. When Ms. Mack complained that she was not getting paid for the additional time away from the facility to handle the phone calls and the scheduling, she was told by her supervisor, Evelyn Nkea, that she could not add the hours to her time, but she still had to answer the phone.

18. Ms. Mack complained on more than one occasion that she was not paid for all of the hours she was working from home.

19. Defendants were required by law to keep and retain possession of records showing the hours worked and wages paid to Plaintiff.

20. In October 2017, she was offered the choice to quit or she would be demoted and returned to her old job as a CNA. After Ms. Mack refused to quit or take the demotion, she was terminated in retaliation for making complaints about unpaid wages.

21. During her employment, Ms. Mack was not paid an hourly wage for all hours worked as required by State law.

22. During her employment, Ms. Mack was not paid at least minimum wage for all hours worked as required by the FLSA.

23. Ms. Mack did work that does not satisfy any exemption available to her under the FLSA.

24. Defendants were and are aware of the provisions of the FLSA requiring wages to be paid to Plaintiff, but deliberately or in reckless disregard of the Act willfully failed to pay wages due and lawfully owed to the Plaintiff.

25. Defendants failed to act in good faith and had no reasonable grounds for believing that it was not violating the FLSA.

## CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT AND RETALIATION

26. Plaintiff reasserts the averments set forth in Paragraphs 1 through 25 hereof, as though fully set forth herein.

27. By the actions and omissions described herein, the Defendant violated the FLSA as to the Plaintiff. By the actions and omissions described herein, Defendant violated 29 U.S.C. §§ 206(a) and 207(a) as to Plaintiff.

28. By the actions and omissions described herein, Defendants violated the FLSA as to Plaintiff by failing to pay her in accordance with the FLSA and

terminating her in retaliation for complaining to her supervisors regarding unpaid wages.

29. By the actions and omissions described herein, Defendants violated 29 U.S.C. §§ 206(a), 207(a), and 29 USCS § 218c(a) as to Plaintiff.

WHEREFORE, Plaintiff, prays for the following relief:

(a) Declare the conduct engaged in by the Defendants to be in violation of the Plaintiff's rights

(b) Enjoin the Defendants from engaging in such conduct;

(c) Award Plaintiff compensatory damages for unpaid wages, liquidated damages, interest, and costs under the provisions of the FLSA;

(d) Award Plaintiff costs and attorneys' fees; and

(e) Grant such further, other and different relief, including equitable as this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands trial by struck jury.

Submitted this the 27th day of February, 2018.

        s/ Teri Ryder Mastando
        Teri Ryder Mastando (ASB-4507-E53T)
        Eric J. Artrip (ASB-9673-I68E)
        MASTANDO & ARTRIP, LLC
        301 Washington St., Suite 302
        Huntsville, Alabama 35801
        Phone:  (256) 532-2222
        Fax:  (256) 513-7489
        teri@mastandoartrip.com
        artrip@mastandoartrip.com

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AT:**

Diversicare Leasing Corp.
c/o Corporation Service Company Inc
641 South Lawrence Street
Montgomery, Al 36104

Diversicare Healthcare Services, Inc.
c/o Corporation Service Company Inc
641 South Lawrence Street
Montgomery, Al 36104

        s/ Teri Ryder Mastando
        Teri Ryder Mastando